# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-426V
Filed: July 11, 2017
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| SAILAJA PEDDADA, | \* | |
| | \* | |
| Petitioner, | \* | |
| | \* | |
| v. | \* | Influenza ("flu") vaccine; SIRVA; |
| | \* | alleged right shoulder injury but |
| SECRETARY OF HEALTH | \* | vaccination in left shoulder; dismissed |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Carol L. Gallagher, Linwood, NJ, for petitioner.
Douglas Ross, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On March 24, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza ("flu") vaccine administered on November 13, 2015 in her right shoulder caused her right shoulder injury ("SIRVA"). Pet. Preamble and ¶¶ 2, 4-6.

Petitioner states in her affidavit that flu vaccine was administered in her right shoulder on November 13, 2015. Med. recs. Ex. 1, at ¶¶ 2, 8. However, the vaccine record notes that petitioner received flu vaccine in her left deltoid. Med. recs. Ex. 1, at 1.

On May 24, 2017, the undersigned held a telephonic status conference with counsel and

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

explained the difficulty of petitioner prevailing in this case.

On July 11, 2017, petitioner filed a Motion for Decision to Dismiss the Petition, stating that "she will be unable to prove that she is entitled to compensation in the Vaccine Program." Mot. at 1.

The undersigned **GRANTS** petitioner's Motion for Decision to Dismiss the Petition and **DISMISSES** this case.

## FACTS

On November 13, 2015, petitioner received flu vaccine in her left arm. Med. recs. Ex. 1, at 1.

From December 7 to20, 2015, petitioner saw chiropractor Nancy Hirose for shoulder tightness occurring a few weeks earlier, focusing on the right neck, trapezial areas, including the supraspinatus part of the rotator cuff of the shoulder, and the left midback. Med. recs. Ex. 8, at 1.

On January 11, 2016, petitioner telephoned Sabrina M. Francis to obtain an appointment. Med. recs. Ex. 3, at 190. Petitioner told Ms. Francis that she "tweaked" her right shoulder on Friday (which was January 8, 2016) and it was now in pain. Id.

On January 13, 2016, petitioner saw Dr. Shiv Manchar Jain for a "new problem" whose onset was five days earlier (January 8, 2016). Id. at 199. The problem had been gradually worsening. Id.

On January 19, 2016, petitioner had an MRI done of her right shoulder. Med. recs. Ex. 4, at 54. The history was one week of right shoulder pain and concern for rotator cuff injury. The impression was minimal tendinosis of the distal supraspinatus tendon and no evident rotator cuff tear. Id.

On January 27, 2016, petitioner returned to chiropractor Nancy Hirose for right shoulder/glenohumeral joint pain. Chiropractor Hirose's understanding was that petitioner's MRI diagnosis was right supraspinatus tendinitis. Med. recs. Ex. 8, at 1.

On January 29, 2016, petitioner saw Dr. Cindy S. Wun who noted petitioner had three weeks of right shoulder and upper extremity pain. Id. at 1. The precipitating event to this right shoulder and upper extremity pain was reaching for a low volley in tennis. Id.

On February 25, 2016, petitioner saw Nurse Practitioner Navjot K. Deol, who noted that petitioner's right shoulder pain started around six weeks earlier after she reached for a low volley in tennis. Id. at 13. Her right shoulder felt weak and she was afraid it was turning into a frozen shoulder. She denied shoulder problems in the past. Id. Petitioner received a right shoulder

bursa injection of cortisone. Id. at 19. Petitioner later e-mailed NP Deol to say that the injection gave her discomfort and pain in her shoulder which was dull and throbbed even when her arm was stationary. Id. at 23.

On March 1, 2016, petitioner went for an initial evaluation for physical therapy. Id. at 99. Petitioner told MPT Swathi Ramani that she played volleyball and tennis for many years. On January 8, 2016, petitioner reported noticing some pain in her right arm when she reached low for a volley with her arm extended. She said she was able to play the remainder of the game and did not experience many symptoms the next couple of days. However, petitioner said her symptoms gradually worsened over time, starting with pain and then increased stiffness in the right shoulder. She rested for some time, but the symptoms did not resolve. Past medical history included left shoulder stiffness when she was in her mid-40s that resolved on its own and a history of tension headaches. Id.

On April 15, 2016, petitioner saw NP Deol again, complaining that her right shoulder pain which had been ongoing since the beginning of January was now significant. Id. at 37.

On April 20, 2016, petitioner saw Dr. Heidi Tonkin and said that she had a five-month history of right shoulder pain starting after she received a flu shot. Med. recs. Ex. 5, at 1.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for her flu vaccination, she would not have brachial neuritis and adhesive capsulitis, but also that her flu vaccination was a substantial factor in causing brachial neuritis and adhesive capsulitis. Shyface v. Sec'y of HHS, 165 F.3d 1344,

3

1352 (Fed. Cir. 1999).

From early January through mid-April 2016, or for three and one-half months, petitioner gave a consistent history of having the onset of right shoulder pain on January 8, 2016, which was almost two months after the flu vaccination in her left deltoid.  Petitioner attributed her right shoulder pain to reaching for a low volley in tennis and described in detail to a physical therapist on March 1, 2016 when her right shoulder actually began to hurt, which was immediately after her attempt to return a tennis ball with an extended right arm.

Only on April 20, 2016, over five months after vaccination, did petitioner change her history and, for the first and only time in these records, tell a doctor (Dr. Tonkin) that she began having right shoulder pain immediately after receiving flu vaccine.  Beyond the fact that it is impossible to have one's right shoulder hurt immediately after receiving a vaccination in one's left shoulder, the undersigned notes that until petitioner saw Dr. Tonkin, petitioner knew what caused her right shoulder pain—it was reaching for a low volley in tennis on January 8, 2016.

The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.  No medical records show that petitioner had an adverse reaction to flu vaccine.  Petitioner has not filed a medical expert report in support of her allegations.

The undersigned **GRANTS** petitioner's Motion for Decision to Dismiss the Petition and **DISMISSES** this case.

## CONCLUSION

The petition is **DISMISSED** for failure to make a prima facie case.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated:  July 11, 2017                                              /s/ Laura D. Millman
                                                                                           Laura D. Millman
                                                                                           Special Master



**IT IS SO ORDERED.**

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.