# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-426V
Filed: September 25, 2017
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SAILAJA PEDDADA, | \* |
| Petitioner, | \* |
| v. | \* |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* |
| Respondent. | \* |

Attorneys' fees and costs decision; lack of reasonable basis

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Carol L. Gallagher, Linwood, NJ, for petitioner.
Douglas Ross, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION DENYING AN AWARD OF ATTORNEYS' FEES AND COSTS[1]

On March 24, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that an influenza ("flu") vaccine administered on November 13, 2015 in her right shoulder caused her right shoulder injury ("SIRVA"). On July 11, 2017, the undersigned issued a decision dismissing the case. On August 3, 2017, petitioner filed a motion for attorneys' fees and costs. For the reasons set forth below, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

### PROCEDURAL HISTORY

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

Petitioner filed her petition on March 24, 2017.

The case was assigned to the undersigned on March 27, 2017. The undersigned issued an Order on May 9, 2017 which addressed that petitioner knew that reaching for a low volley in tennis on January 8, 2016 caused the issue of right shoulder pain. Order at 2. Petitioner changed her story, over five months after vaccination, when she saw Dr. Tonkin. Id. The undersigned raised the issue whether there was any reasonable basis for this case in her Order. Id.

On May 24, 2017, the undersigned held a telephonic status conference with counsel and explained the difficulty of petitioner prevailing in this case. Following the status conference, the undersigned ordered petitioner to file transcribed records from Dr. Nancy Hirose at Foxworthy Chiropractic. On June 20, 2017, petitioner made a motion for an extension of time until August 21, 2017 to file petitioner's medical records, which the undersigned granted on the same day.

On July 11, 2017, petitioner filed an unopposed motion for a decision dismissing her petition, explaining that she had been unable to prove entitlement to compensation in the Vaccine Program. The undersigned issued a decision dismissing petitioner's case on July 11, 2017 for failure to make a prima facie case. After judgment entered on July 13, 2017, petitioner filed an election to file a civil action on the same day.

On August 3, 2017, petitioner filed a motion for attorneys' fees and expenses, requesting attorneys' fees of $17,435.90 and attorneys' costs of $444.48, for a total request of $17,880.38.

On August 3, 2017, respondent filed a response to petitioner's motion for attorneys' fees and costs, arguing that petitioner did not have a reasonable basis to bring her claim. Respondent explained that while treatment records related that petitioner complained of pain in her right arm, the vaccine administration record showed the November 13, 2015 flu vaccination was in the left deltoid. Resp. at 2. Respondent further argued that petitioner never provided an expert report or otherwise by any medical theory or preponderant evidence that the flu vaccine administered in one arm could cause the injury alleged to the other arm. Id.

On August 7, 2017, petitioner filed a reply to respondent's response to her application for attorneys' fees and costs. In her reply, petitioner argues her case was supported by reasonable basis when filed because "[petitioner] was hired to work at Stanford Medical Center, and accordingly, her credentials were good" and "the disparity between petitioner's affidavit and her records could be a consequence of human error." Reply at 4. Petitioner explains that as soon as petitioner was aware that the medical records would not be changed to reflect the vaccine site set forth in her petition, she expeditiously filed the Motion to Dismiss. Id.

This matter is now ripe for adjudication.

**FACTUAL HISTORY**

2

On November 13, 2015, petitioner received a flu vaccine. Med. recs. Ex. 1, at ¶¶ 2, 8. The vaccine record notes that petitioner received the flu vaccine in her left deltoid. Med. recs. Ex. 1, at 1.

From December 7 to 20, 2015, petitioner saw chiropractor Nancy Hirose for shoulder tightness occurring a few weeks earlier, focusing on the right neck, trapezial areas, including the supraspinatus part of the rotator cuff of the shoulder, and the left midback. Med. recs. Ex. 8, at 1.

On January 11, 2016, petitioner telephoned Sabrina M. Francis to obtain an appointment. Med. recs. Ex. 3, at 190. Petitioner told Ms. Francis that she "tweaked" her right shoulder on Friday (which was January 8, 2016) and it was now in pain. Id.

On January 13, 2016, petitioner saw Dr. Shiv Manchar Jain for a "new problem" whose onset was five days earlier (January 8, 2016). Id. at 199. The problem had been gradually worsening. Id.

On January 19, 2016, petitioner had an MRI done of her right shoulder. Med. recs. Ex. 4, at 54. The history was one week of right shoulder pain and concern for rotator cuff injury. The impression was minimal tendinosis of the distal supraspinatus tendon and no evident rotator cuff tear. Id.

On January 27, 2016, petitioner returned to chiropractor Nancy Hirose for right shoulder/glenohumeral joint pain. Chiropractor Hirose's understanding was that petitioner's MRI diagnosis was right supraspinatus tendinitis. Med. recs. Ex. 8, at 1.

On January 29, 2016, petitioner saw Dr. Cindy S. Wun who noted petitioner had three weeks of right shoulder and upper extremity pain. Id. at 1. The precipitating event to this right shoulder and upper extremity pain was reaching for a low volley in tennis. Id.

On February 25, 2016, petitioner saw Nurse Practitioner Navjot K. Deol, who noted that petitioner's right shoulder pain started around six weeks earlier after she reached for a low volley in tennis. Id. at 13. Her right shoulder felt weak and she was afraid it was turning into a frozen shoulder. She denied shoulder problems in the past. Id. Petitioner received a right shoulder bursa injection of cortisone. Id. at 19. Petitioner later e-mailed NP Deol to say that the injection gave her discomfort and pain in her shoulder which was dull and throbbed even when her arm was stationary. Id. at 23.

On March 1, 2016, petitioner went for an initial evaluation for physical therapy. Id. at 99. Petitioner told MPT Swathi Ramani that she played volleyball and tennis for many years. On January 8, 2016, petitioner reported noticing some pain in her right arm when she reached low for a volley with her arm extended. She said she was able to play the remainder of the game and did not experience symptoms the next couple of days. However, petitioner said her

3

symptoms gradually worsened over time, starting with pain and then increased stiffness in the right shoulder.  She rested for some time, but the symptoms did not resolve.  Past medical history included left shoulder stiffness when she was in her mid-40s that resolved on its own and a history of tension headaches.  Id.

On April 15, 2016, petitioner saw NP Deol again, complaining that her right shoulder pain which had been ongoing since the beginning of January was now significant.  Id. at 37.

On April 20, 2016, petitioner saw Dr. Heidi Tonkin and said that she had a five-month history of right shoulder pain starting after she received a flu shot.  Med. recs. Ex. 5, at 1.

## DISCUSSION

I.   **Entitlement to Fees Under the Vaccine Act**

   a.  **Legal Standard**

Under the Vaccine Act, a special master or the U.S. Court of Federal Claims may award fees and costs for an unsuccessful petition if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard.  Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).  A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred.  Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  Petitioners are "entitled to a presumption of good faith."  Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Rules.  It has been determined to be an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of HHS, 101 Fed. Cl. 297, 303 (Fed. Cl. 2011).  In determining reasonable basis, the court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim." Turner, 2007 WL 4410030, at *6 (citing Di Roma v. Sec'y of HHS, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)).  Factors to be considered include factual basis, medical support, jurisdictional issues, and the circumstances under which a petition is filed.  Turner, 2007 WL 4410030, at *6–*9.

Traditionally, special masters have been "quite generous" in finding reasonable basis. Turpin v. Sec'y of HHS, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005); see also Austin v. Sec'y of HHS, No. 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("The policy behind the Vaccine Act's extraordinarily generous provisions authorizing attorney fees and costs in unsuccessful cases—ensuring that litigants have ready access to competent representation—militates in favor of a lenient approach to reasonable basis.").  However, as former-Chief Judge Campbell-Smith noted in her affirmance of Special Master Moran's decision not to award attorneys' fees in Chuisano, "Fee denials are expected to

occur.  A different construction of the statute would swallow the special master's discretion." <u>Chuisano v. United States,</u> 116 Fed. Cl. 276, 286 (Fed. Cl. 2014).  <u>See also</u> <u>Dews v. Sec'y of HHS</u>, No. 13-569V, 2015 WL 1779148 (Fed. Cl. Spec. Mstr. Mar. 30, 2015) (in which the undersigned found petitioner was not entitled to attorneys' fees and costs because she did not have a reasonable basis to bring the petition).

### b. Good faith and reasonable basis

Petitioner is entitled to a presumption of good faith, and respondent does not contest that the petition was filed in good faith.  <u>Grice</u>, 36 Fed. Cl. at 121.  There is no evidence that this petition was brought in bad faith.  Therefore, the undersigned finds that the good faith requirement is satisfied.  However, for the reasons outlined below, the undersigned agrees with respondent that petitioner did not have a reasonable basis to bring her claim.

Petitioner's medical records from early January through mid-April 2016 show petitioner started having right shoulder pain on January 8, 2016, which was almost two months after the flu vaccine in her left deltoid.  Petitioner attributed her right shoulder pain to reaching for a low volley in tennis and described in detail to a physical therapist on March 1, 2016 when her right shoulder actually began to hurt, which was immediately after her attempt to return a tennis ball with an extended right arm.

Only on April 20, 2016, over five months after vaccination, did petitioner change her story and, for the first and only time in these records, tell a doctor (Dr. Tonkin) that she began having right shoulder pain immediately after receiving a flu vaccine.  As the undersigned noted in her July 11, 2017 Decision, beyond the fact that it is impossible to have one's right shoulder hurt immediately after receiving a vaccination in one's left shoulder, until petitioner saw Dr. Tonkin, petitioner knew what caused her right shoulder pain – it was reaching for a low volley in tennis on January 8, 2016.  Petitioner provides no medical records to show that she had an adverse reaction to the flu vaccine.  Petitioner has not filed a medical expert report in support her allegations.

Counsel has a duty to investigate a claim before filing it.  In <u>Rehn v. Secretary of Health and Human Services</u>, Judge Lettow explained: "if an attorney does not actively investigate a case before filing, the claim may not have a reasonable basis and so may not be worthy of attorneys' fees and costs." 126 Fed. Cl. 86, 93 (Fed. Cl. 2016).  Petitioner's counsel had ample time to investigate petitioner's claim.  Petitioner received a flu vaccine on November 13, 2015.  Even if petitioner's alleged vaccine injury began the day she received the vaccine, she had until November 13, 2018 before the statute of limitations would run on her claim.  Petitioner's attorney's billing records show petitioner had contacted counsel by March 23, 2016, over two years and seven months before the running of the statute of limitations.  Fee App., Ex. A, at 1.  This would have been plenty of time for petitioner's counsel to review petitioner's medical records and discover the same issues that led to the dismissal of petitioner's case.  Petitioner's counsel did not perform due diligence.  <u>See</u> <u>Chuisano v. Sec'y of HHS</u>, 116 Fed. Cl. 276, 291 (May 15, 2014) (finding that a special master acted within his discretion in not finding reasonable basis because, in part, the attorneys did not establish diligence and noting "an earlier

telephone call to one of the firm's regularly retained experts might have provided some evidence of timely due diligence"); Solomon v. Sec'y of HHS, No. 14–0748V, 2016 WL 8257673, at *4 (Fed. Cl. Spec. Mstr. Oct. 27, 2016) ("Petitioner's counsel still is required to perform due diligence, given the available evidence and amount of time prior to the running of the statute of limitations.").

## CONCLUSION

The undersigned finds that an award of attorneys' fees and costs to petitioner is unreasonable. Therefore, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated:  September 25, 2017                                    /s/ Laura D. Millman
                                                              Laura D. Millman
                                                              Special Master

---

2 Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.